**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CHRISTOPHER VANGUILDER,**

                         **Petitioner,**

        v.                                                                            **9:10-CV-0463**
                                                              **(GLS)**
**JOHN S. HALL; KATE HOGAN,**                                                    **(Lead Case)**

                         **Respondents.**

---

**CHRISTOPHER VANGUILDER,**

                         **Petitioner,**

        v.                                                                            **9:10-CV-0464**
                                                               **(GLS)**
**BRIAN FISCHER, "et al."**                                                          **(Member Case)**

                         **Respondent.**

---

**CHRISTOPHER VANGUILDER,**

                         **Petitioner,**

        v.                                                                            **9:10-CV-0465**
                                                               **(GLS)**
**JOHN S. HALL; KATE HOGAN,**                                                    **(Member Case)**

                         **Respondents.**

---

**CHRISTOPHER VANGUILDER**
Petitioner. *pro se*
04-A-5370
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

**GARY L. SHARPE**
**UNITED STATES DISTRICT JUDGE**

## DECISION and ORDER

The Clerk has sent to the Court for review three separate petitions for writs of habeas corpus filed by Christopher VanGuilder in this District pursuant to 28 U.S.C. § 2254. *See VanGuilder v. Hall, et al.*, 9:10-CV-0463 (GLS) ("10-CV-0463"), Dkt. No. 1; *VanGuilder v. Fischer, et al.*, 9:10-CV-0464 (GLS) ("10-CV-0464"), Dkt. No. 1; and *VanGuilder v. Hall, et al.*, 9:10-CV-0465 (GLS) ("10-CV-0465"), Dkt. No. 1. Petitioner is presently in the custody of the Department of Correctional Services, has not paid the filing fee required to maintain the instant action, and has not filed any application to proceed with these matters *in forma pauperis*.

Initially, the Court notes that because filing and litigating three separate petitions, all of which challenge the same conviction, is both unnecessary and confusing, this Court consolidates the above-referenced actions. Civil action number 10-CV-0463, which was first of the three actions filed by petitioner, shall be the lead case in this consolidated action, and the Court's references to the "Petition" will, unless otherwise indicated, refer to the pleading filed in the lead case in this action.

Next, the Court notes that in his Petition, VanGuilder challenges a judgment of conviction rendered on September 29, 2004 in Warren County Court wherein he pleaded guilty to the crime of criminal possession of a controlled substance and was thereafter sentenced by the court, as a second felony offender, to an indeterminate term of three to six years imprisonment. *See* Petition at ¶ 4.[1]

---

[1] The petitions filed by VanGuilder in the member cases to this action similarly challenge the propriety of the September 29, 2004 Warren County Court conviction. *See* 10-CV-0464, Dkt. No. 1 at ¶ 4; 10-CV-0465, Dkt. No. 1 at (attached) p. 1 (statement of conviction attached to petition relates to the

This Court's review of the docket of the Northern District of New York reveals that on April 17, 2008, United States District Judge David N. Hurd issued a Decision and Order that dismissed a habeas corpus petition filed by VanGuilder. *See VanGuilder v. Sears*, No. 07-CV-04 ("07-CV-04") (N.D.N.Y. Apr. 17, 2008), Dkt. No. 27. That order adopted the January 29, 2008 Report-Recommendation and Order issued by United States Magistrate Judge David R. Homer which recommended that the habeas petition filed by VanGuilder in that action be denied and dismissed by the District Court. *See* 07-CV-04, Dkt. No. 22. ("Report-Recommendation").

The petition filed in 07-CV-04, like the petitions filed by VanGuilder in both the lead and member cases in this consolidated action, challenged the validity of VanGuilder's September 29, 2004 Warren County Court conviction, following his guilty plea, to the charge of criminal possession of a controlled substance. *See*, *e.g.*, Report-Recommendation at p. 1; 07-CV-04, Dkt. No. 1.

Under 28 U.S.C. § 2244(b), a state prisoner seeking to file a second or successive petition under § 2254 must first obtain leave to do so from the United States Court of Appeals. *See* 28 U.S.C. § 2244(b)(3). Since, as discussed more fully above, petitioner has previously filed a habeas corpus action pursuant to § 2254 in which he contested the validity of the 2004 Warren County Court conviction challenged by him in this consolidated action, and that prior habeas petition was denied and dismissed by Judge Hurd, VanGuilder must obtain an order from the Second Circuit allowing him to proceed with the present second / successive habeas applications for this District Court to properly consider any of the claims raised by him in this consolidated action. *See* 28 U.S.C. § 2244(b)(3)(A).

---

September 29, 2004 Warren County Court conviction).

In *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed by a federal district court where a second or successive habeas application is filed by a state prisoner without the required § 2244(b)(3) authorization. That court held:

> when a second or successive petition for habeas corpus relief ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition ... to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

*Liriano*, 95 F.3d at 123.

Since: i) petitioner has previously filed a petition seeking habeas relief under § 2254 challenging the conviction at issue in the present consolidated action; ii) that application was denied and dismissed by Judge Hurd as discussed more fully above; and iii) petitioner has not yet obtained the required authorization discussed *ante* which would permit this Court to consider the claims raised by VanGuilder in the present action, this Court must transfer this consolidated action to the Second Circuit. *See Liriano*, 95 F.3d at 123.

**WHEREFORE**, it is hereby

**ORDERED**, that this action is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on petitioner by regular mail.

**IT IS SO ORDERED.**

Dated: May 13, 2010

*Gary L. Sharpe*
United States District Court Judge

4